UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RICOTTA, SR., <br><br> Plaintiff, <br> v. <br><br> SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, and ESTATE OF ELLEN RICOTTA, <br><br> Defendants. | Civil No. 11-cv-01261 AJB (NLS) <br><br> ORDER DISMISSING COMPLAINT WITH PREJUDICE; AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT |

On June 9, 2011, Plaintiff, a non-prisoner appearing pro se, filed his Complaint (Doc. No. 1) along with a Motion to Proceed In Forma Pauperis (Doc. No. 2). The Complaint alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, 12101(9) ("ADA"), by Defendants San Diego County Employees Retirement Association ("SDCERA") and the estate of Plaintiff's ex-wife, Ellen Ricotta. (Complaint 1-2.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a) (2006). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (2006). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed in forma pauperis pursuant to § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the in forma pauperis provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127. Moreover, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss an action at any time it determines that it lacks subject-matter jurisdiction.

As currently plead, the Complaint does not establish a basis for subject-matter jurisdiction. Despite Plaintiff's assertion that the Court has federal question jurisdiction because the suit arises out of claims under the ADA, Plaintiff's factual allegations do not implicate the ADA. He does not allege any facts suggesting that he was discriminated against because of his disability. Nor does the Complaint describe a "pattern of 'unnecessary discrimination and prejudice.'" (*See* Complaint 1-2) (citing 42 U.S.C. §§ 12131, 12101(9).) Instead, it is clear from Plaintiff's allegations that he seeks this Court's review of a Qualified Domestic Relations Order ("QDRO") issued by state court. For example, Plaintiff claims that the SDCERA violated the ADA "by participating in the writing of" the allegedly invalid QDRO. (*Id.* at 2.) Also, at least nineteen of the twenty-three pages of the Complaint are dedicated to case law and argument supporting the assertion that the QDRO is invalid. (*See id.* at 3-22.) The "PRAYER FOR RELIEF" section of the Complaint requests injunctive relief until "these issues are resolved," referring to the assertion that the QDRO is invalid, and also explicitly requests the QDRO be found invalid. (*Id.* at 22.)

The Complaint informs us that Plaintiff has appealed the validity of the QDRO to the California Appellate Court and the California Supreme Court to no avail. (*Id.* at 3.) But, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine bars

1 suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered
2 before the district court proceedings commenced and inviting district court review and rejection of those
3 judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005). In recent
4 Ninth Circuit case, the court held that the *Rooker-Feldman* doctrine applied where a district court
5 plaintiff claimed that a family court order was based on erroneous law and deprived her of benefits to
6 which she had a vested interest. *Carmona v. Carmona*, 603 F.3d 1041, 1051 (9th Cir. 2010). Thus, the
7 district court did not have subject-matter jurisdiction under *Rooker-Feldman* because the plaintiff
8 asserted her injury was caused by legal error by the state court and that the appropriate remedy was
9 relief from the state court judgment. *Id.* Here, Plaintiff asserts substantially similar claims for relief that
10 are likewise unavailable in this Court.

11 Therefore, the Court finds the Complaint fails to establish subject-matter jurisdiction. Accord-
12 ingly, the instant Complaint must be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P.
13 12(h)(3). As such, Plaintiff's Motion to Proceed In Forma Pauperis is hereby DENIED AS MOOT.
14 IT IS SO ORDERED.

16 DATED: August 24, 2011

Hon. Anthony J. Battaglia
U.S. District Judge